995 F.2d 306
 301 U.S.App.D.C. 406
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Cindy Denise YOUNG, Appellant.
 No. 92-3043.
 United States Court of Appeals, District of Columbia Circuit.
 May 11, 1993.
 
 Before: MIKVA, Chief Judge, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for an opinion. See D.C.Rule 14(c). Therefore, it is
 
 
 2
 ORDERED AND ADJUDGED that the appellant's conviction is affirmed. There is more than enough evidence to support Ms. Young's conviction for possession of five grams or more of crack cocaine. Ms. Young lived in the apartment and admitted that the trunk containing the crack cocaine was hers. Moreover, Ms. Young admitted possession of the small stash of crack cocaine in the night stand which was in the same room and a few feet from the larger stash of crack cocaine which weighed in excess of five grams. It is well established that evidence of a defendant's possession of contraband in one area may support the inference that the defendant possessed the contraband found elsewhere. See, e.g., United States v. Dunn, 846 F.2d 761, 764 (D.C.Cir.1988). Finally, the evidence suggesting that Ms. Young sold drugs from the apartment supports the inference that she knew of all the drugs in the apartment, not just the drugs that she kept in the night stand, and that she had the ability to exercise some control over them. See United States v. Staten, 581 F.2d 878, 885 (D.C.Cir.1978) (connection with illegal drug distribution scheme sufficient to establish some control over its "illicit wares").
 
 
 3
 The district court did not err by refusing to extend the duress instruction to the counts charging the defendant with simple possession and possession with the intent to distribute. Ms. Young confessed to possessing the drugs in the nightstand for her personal use. There was no evidence that such use was in any way coerced. With respect to the drugs in the locked trunk, Ms. Young denied having any knowledge of those drugs. Plainly, there can be no duress defense when the defendant denies the conduct constituting the offense.
 
 
 4
 Lastly, the district court did not "erroneously fail[ ] to consider the available option of imposing sentence under the District of Columbia Code." Appellant's Brief at 11. Although the U.S. Attorney transferred the case from D.C. Superior Court to U.S. District Court, and the federal and local offenses appear to be identical, the district court did not have the discretion to sentence the defendant under the D.C.Code rather than federal law. See United States v. Dockery, 965 F.2d 1112 (D.C.Cir.1992).
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).