28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. LONGENETTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. LONGENETTE, Defendant-Appellant.
 Nos. 93-5406, 93-6548.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1994.
Decided: June 20, 1994.
 
 Appeals from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-91-2, CR-90-136, CA-92-76)
 Patrick Shannon Casey, Schrader, recht, byrd, byrum & Companion, Wheeling, West Virginia, for Appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 David E. Godwin, Acting United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant William D. Longenette pleaded guilty to charges of conspiracy to distribute cocaine and income tax evasion. After his direct appeal was dismissed for failure to file a timely notice of appeal, Longenette petitioned for habeas corpus relief on the grounds that he had been denied effective assistance of counsel. Acting on that petition, the district court vacated and reinstated Longenette's sentence, thus allowing him another opportunity to perfect a direct appeal, which he did. Finding no error in the disposition of Longenette's habeas petition or criminal proceedings below, we affirm.
 
 I.
 
 2
 In 1986, Longenette began dealing cocaine in the upper Ohio Valley area surrounding Wheeling, West Virginia, and Martins Ferry, Ohio. Although he lived in Ohio, his cocaine was sometimes distributed in West Virginia, and he often traveled through that state en route to and from Florida, where he obtained his cocaine. By 1990, agents of Organized Crime Drug Enforcement Task Force, a multijurisdictional task force comprising officers from various federal agencies and state and local officers from West Virginia and Ohio, had learned of Longenette's activities from confidential informants. The agents conducted a controlled purchase of cocaine from Longenette on August 28, 1990, and another controlled purchase from one of Longenette's confederates on the next day. On August 30, 1990, the agents obtained from a Northern District of West Virginia magistrate, who was designated as a magistrate for the Southern District of Ohio, an arrest warrant for Longenette and search warrants for his person and his Martins Ferry, Ohio, residence.
 
 
 3
 Longenette was arrested in Ohio that same day, as he was leaving his home on his way to Florida to purchase cocaine. Searches of his van revealed $55,060 in cash, a nine millimeter pistol, ammunition, and a small amount of cocaine. The search of his home uncovered more than 80 grams of cocaine, $2,000 in cash, five firearms, and drug paraphernalia.
 
 
 4
 On November 15, 1990, a federal grand jury indicted Longenette, along with several others, in the Northern District of West Virginia on numerous drug charges. After his motion to suppress the evidence seized from his van was denied, Longenette entered a plea agreement with the government. He pleaded guilty on January 14, 1991, to one count of conspiracy to possess with intent to distribute cocaine, 21U.S.C. Sec. 846, and one count of income tax evasion, 26 U.S.C. Sec. 7201, and was sentenced on March 27, 1991, to 168 months imprisonment. Longenette's notice of direct appeal was untimely filed, and this court dismissed that appeal for lack of jurisdiction. See United States v. Longenette, No. 91-5319 (Dec. 10, 1991) (unpublished).
 
 
 5
 In April 1992, Longenette petitioned for habeas corpus relief under 28 U.S.C. Sec. 2255, claiming that his counsel had been ineffective by failing to file a timely notice of appeal. On May 7, 1993, the district court, following the procedure endorsed by this Circuit in United States v. Peak, 992 F.2d 39 (4th Cir.1993), granted Longenette relief by vacating and immediately reinstating his judgment of conviction, thus allowing him another opportunity to appeal.
 
 
 6
 Longenette then timely appealed from the judgment in his habeas action and from the newly reinstated judgment in the underlying criminal proceedings.
 
 II.
 
 7
 Longenette contends that his counsel's performance in the original criminal proceedings violated his Sixth Amendment right to effective assistance of counsel. Specifically, he argues that his attorney was ineffective by failing to challenge as a violation of due process the referral of his case for federal prosecution in the Northern District of West Virginia.* We are not persuaded.
 
 
 8
 "[T]he right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970); United States v. Tatum, 943 F.2d 370, 375 (4th Cir.1991). In order to establish an ineffective assistance of counsel claim, Longenette must show first that his counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and second that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. See also Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir.1991), cert. denied, 112 S.Ct. 1591 (1992); Tatum, 943 F.2d at 375; State v. Smith, 931 F.2d 242, 244 (4th Cir.1991).
 
 
 9
 Longenette's claim that his trial counsel was ineffective by failing to bring a due process challenge to his prosecution in the Northern District of West Virginia is without merit. " 'In the absence of proof that the choice of forum was improperly motivated or based on an impermissible classification as a matter of constitutional law,' prosecution in a federal rather than a state court does not violate due process...." United States v. Williams, 963 F.2d 1337, 1342 (10th Cir.1992) (citations omitted). Longenette has alleged no impermissible motive for his prosecution in the Northern District of West Virginia rather than in Ohio state courts (or anywhere else), and the consideration of the higher federal penalties is not, by itself, improper. See, e.g., United States v. Andersen, 940 F.2d 593, 596 (10th Cir.1991).
 
 
 10
 In support of his argument that his counsel should have raised a due process challenge to his prosecution in federal court, and that such a challenge would have been successful, Longenette cites the decisions of two district courts, United States v. Williams, 746 F.Supp. 1076 (D. Utah 1990); United States v. Holland, 729 F.Supp. 125 (D.D.C.1989); and United States v. Roberts, 726 F.Supp. 1359 (D.D.C.1989). Contra United States v. Smith, 727 F.Supp. 1023, 1024-25 (W.D.Va.1990) (declining to follow Roberts ). However, as Longenette concedes, the portions of these decisions on which he relies were reversed by the respective Courts of Appeals shortly after he pleaded guilty. See Williams, 963 F.2d at 1342; United States v. Mills, 925 F.2d 455, 461-62 (D.C.Cir.1991), vacated, 933 F.2d 1042 (D.C.Cir.1991), aff'd, 964 F.2d 1186, 1189 n. 3 (D.C.Cir.) (en banc ), cert. denied, 113 S.Ct. 471 (1992). See also United States v. Dockery, 965 F.2d 1112, 1115-16 (D.C.Cir.1992). And every other Court of Appeals to have considered whether referral for federal rather than state prosecution violates a defendant's due process rights has likewise rejected the reasoning of those district court cases. See, e.g., United States v. Beede, 974 F.2d 948, 952-53 (8th Cir.1992), cert. denied, 113 S.Ct. 1016 (1993); United States v. Nance, 962 F.2d 860, 864-65 (9th Cir.1992) (per curiam ); United States v. Goodapple, 958 F.2d 1402, 1410-11 (7th Cir.1992); United States v. Parson, 955 F.2d 858, 873-74 n. 22 (3d Cir.1992); United States v. Allen, 954 F.2d 1160, 1165-66 (6th Cir.1992); United States v. Carter, 953 F.2d 1449, 1461-62 (5th Cir.), cert. denied, 112 S.Ct. 2980 (1992). Because the challenge which Longenette contends his trial counsel should have mounted, although supported at the time by some district court decisions which had not then been reversed, is meritless, counsel's failure to have argued it below was neither objectively unreasonable nor prejudicial. "It is not ineffective assistance for counsel to not file a meritless motion." United States v. Nolan, 910 F.2d 1553, 1564 (7th Cir.1990), cert. denied, 499 U.S. 492 (1992).
 
 III.
 
 11
 Longenette also challenges the calculation of his sentence under the appropriate Sentencing Guidelines and the district court's denial of his motion to continue his sentencing hearing. We find these contentions to be without merit.
 
 
 12
 As to his sentencing, Longenette failed at resentencing to move for a reduction for timely notifying the government of his decision to plead guilty, and the district court did not sua sponte grant the reduction. Because Longenette moved for, and thereby required the government to defend against a suppression motion prior to his guilty plea, it was not plain error for the district court not to grant the reduction on the ground, provided under U.S.S.G. Sec. 3E1.1(b)(2), that the court had to "allocate its resources" inefficiently and the government in part had to "prepar[e] for trial." It was likewise not error for the district court to have enhanced Longenette's sentence for being a supervisor or manager. There was more than ample evidence to support the district court's conclusion that Longenette was a principal in the drug distribution scheme. See, e.g., J.A. at 9-10, 164-71, 241-47.
 
 
 13
 Similarly, there was no error in the district court's refusal to grant Longenette a continuance of the sentencing hearing so that he and his counsel could ascertain whether the government intended to request a downward departure for substantial assistance. As the district court noted, the government had already indicated at the sentencing hearing that it would not request a downward departure.
 
 IV.
 
 14
 For the reasons stated herein, we affirm the judgments of the district court in Longenette's habeas action and in the underlying criminal action proceedings.
 
 AFFIRMED
 
 
 *
 Longenette also notes that his counsel was ineffective by failing to file a timely notice of appeal, but concedes that any prejudice from this error was remedied by the district court's action in vacating and then reinstating his sentence