**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5230

GABRIEL AUGUSTUS EVANS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 94-5231

GABRIEL AUGUSTUS EVANS,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
John A. MacKenzie, Senior District Judge.
(CR-93-126-N)

Argued: December 7, 1995

Decided: March 26, 1996

Before WIDENER and WILKINS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Rosenbaum, LAW OFFICES OF GEORGE D. ROSENBAUM, New York, New York, for Appellant. William Graham Otis, Senior Litigation Counsel, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Verbelle B. Williams, LAW OFFICES OF GEORGE D. ROSENBAUM, New York, New York, for Appellant. Helen F. Fahey, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this appeal, we review the district court's denial of defendant's motion to suppress evidence and the court's downward departure from the mandatory minimum sentence for possession with intent to distribute 215 grams of "crack" cocaine. We affirm the denial of the suppression motion and reverse the departure from the mandatory minimum.

I

A Greyhound bus originating in the New York-New Jersey area arrived in Norfolk, Virginia, and a passenger, Gabriel A. Evans, Jr., alighted and entered the terminal. Earl Killmon and Floyd Williams, Norfolk police department narcotics investigators, were also in the terminal. Both were dressed casually, in blue jeans, with shirts that concealed the guns they were carrying.

Alerted by what they perceived to be Evans's furtive behavior, Killmon and Williams intercepted Evans as he walked towards a

2

woman who had just entered the terminal. Two other investigators escorted the woman outside. Williams asked Evans if he could speak with him. After Evans consented, Williams asked if he had gotten off the bus from New York. Evans said that he had, and Williams then identified himself as a police officer. Throughout the conversation, Williams was standing a couple of feet away from Evans and Investigator Killmon was standing behind Williams.

Williams asked to see Evans's bus ticket, which he examined and returned. He then asked if his partner, Killmon, could search his suitcase. Evans consented and held it out. The search of Evans's luggage did not turn up any illegal materials. Williams next asked if he could search Evans. Evans again consented. When Williams searched Evans, the investigator discovered a package in his jacket pocket. The hard, lumpy package was a paper bag wrapped in silver duct tape. The package resembled narcotics that Williams had discovered on prior occasions. The officers then arrested Evans. Further investigation showed that the package contained a 215-gram rock of crack cocaine.

The Commonwealth of Virginia prosecuted Evans in the District Court of the City of Norfolk. At a preliminary hearing, Evans asserted that the search and seizure were illegal and moved to suppress the evidence. The state court denied the motion. The prosecutor then moved to dismiss the state's case. After the state court granted the motion, the United States instituted this proceeding in federal court. An officer on the Commonwealth Attorney's staff was named a special assistant to the United States Attorney. She prosecuted the federal case against Evans and represented the government at sentencing.

Evans pled guilty to possessing with intent to distribute approximately 215 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). He reserved, however, the right to challenge on appeal the denial of his motion to suppress the evidence against him. He assigns as error the district court's rulings that he was not detained in violation of his Fourth Amendment rights and that the search was legal because of consent.

II

We find no error in the federal district court's denial of Evans's renewal motion to suppress the evidence. The court applied the

3

criteria prescribed in United States v. Gray, 883 F.2d 320, 322-23 (4th Cir. 1989), and properly found that Evans was free to leave during the encounter at which the officers questioned him. Such encounters are not seizures within the meaning of the Fourth Amendment. United States v. Mendenhall, 446 U.S. 544, 553-55 (1980).

Although Evans testified that he did not consent to a search of his person, the district court found that he consented. The officers' testimony and a statement Evans signed, admitting that he allowed the officers to search him, amply support the district court's finding.

Evans's third assignment of error refers to the forum shopping that landed him in federal court after the Commonwealth had commenced prosecution in a Virginia court. He also protests that a member of the Commonwealth's attorney's staff prosecuted the federal case after being designated a special assistant to the United States district attorney. He raises these issues on appeal, but he did not assert them in district court.

At sentencing, the district court criticized this forum shopping and urged that it be stopped. Nevertheless, the court did not dismiss the federal prosecution. Evans did not move for dismissal on this ground in the district court, and, consequently, he did not preserve this issue for appeal. Moreover, he cannot complain that the district court did not sua sponte dismiss the prosecution or seek relief in this court by alleging that dismissal is in the interest of justice. In similar cases in which the government has chosen a forum or designated a prosecutor, courts have found no error. See United States v. Dockery, 965 F.2d 1112, 1115-16 (D.C. Cir. 1992) (choice of forum); cf. United States v. Williams, 47 F.3d 658, 660 (4th Cir. 1995) (designation of prosecutor).

III

The United States filed a cross-appeal, assigning error to the district court's refusal to impose the mandatory minimum sentence that 21 U.S.C. § 841(b)(1)(A)(iii) requires.

Notwithstanding Evans's plea of guilty to possessing with intent to distribute approximately 215 grams of cocaine base, the district court

4

departed downward from the 10-year statutory minimum sentence and imposed a 5-year sentence with a 5-year period of supervised release. The district court's downward departure was erroneous. At the time the court sentenced Evans, only two grounds warranted a downward departure from a statutory minimum sentence. Neither is applicable to this case.

The first ground is the unconstitutionality of the statute. Numerous courts that have considered 21 U.S.C. § 841 have upheld its constitutionality. See, e.g., United States v. Williams, 45 F.3d 1481, 1485-86 (10th Cir. 1995); United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989); United States v. Holmes, 838 F.2d 1175, 1177 (11th Cir. 1988). We agree with these courts that the statute is constitutional.

The second ground authorizes a judge to depart from the prescribed minimum sentence when the prosecutor moves for departure because the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Wade v. United States, 504 U.S. 181 (1992); 18 U.S.C. § 3553(e) (Supp. 1995); U.S.S.G. § 5K1.1. The government has not stated that Evans has furnished substantial assistance, so this ground for departure is also unavailable to Evans.

Explaining its reasons for declining to impose the mandatory minimum sentence of 10 years, the district court emphasized Evans's lack of a criminal record, that he was simply a courier acting as an agent for an employer who hired him to carry the drugs from New Jersey to Virginia, and that he did not know and could not foresee the amount of drugs he was carrying in the taped package. Also, the district court severely criticized the statutory minimum sentence and said it was "almost" cruel and unusual punishment to apply it in this case.

Although the district court disclaimed reliance upon its critical views of the statutory mandatory minimum sentence, a review of the transcript from the sentencing hearing indicates that the lower court refused to apply a mandatory sentence with which it disagreed. Despite Evans's failure to object to the recommended attribution in the presentence report of 215 grams of cocaine base--an amount of cocaine base that mandated a minimum sentence of 10 years, see 21 U.S.C.A. § 841(b) (Supp. 1995)--and despite Evans's acknowledg-

5

ment that he was not eligible for a departure below the mandatory minimum sentence based on substantial assistance to the government, the district court refused to impose the required sentence, stating that the 10-year sentence was "abominable" and that"I just can't be a party to" imposing it. The district court had no authority to disregard a statutory enactment of Congress.

The district court's judgment with respect to the sentence it imposed is vacated. In all other respects the judgment is affirmed. On remand the district court may consider the applicability of 18 U.S.C. § 3553(f) (and the statutory note pertaining to its effective date) which was added by amendment while this appeal was pending.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED

6