# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 10, 2012　　　　Decided February 24, 2012

No. 11-3020

UNITED STATES OF AMERICA,
APPELLEE

v.

RUSSEL C. WASHINGTON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cr-00157-1)

*John A. Briley Jr.*, appointed by the court, argued the cause and filed the brief for appellant.

*Elizabeth H. Danello*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: ROGERS and GRIFFITH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: When the police stopped appellant for driving at night with no car lights on, a minor traffic offense, they noticed a strong smell of alcohol coming from the car, saw a small amount of red liquid in an open cup in the car, and arrested him for violating D.C. Code § 25-1001(a)(2) (2001). Upon searching the car, the police found a loaded gun under the driver's seat. Possession of a firearm by a person previously convicted of a felony, which appellant was, is a violation of both D.C. Code § 22-4503(a)(1) (2001) and 18 U.S.C. § 922(g)(1) (2006). The U.S. Attorney for the District of Columbia prosecuted appellant in federal court. *See* D.C. Code § 23-101(c). Following the denial of his motion to suppress evidence, appellant entered a conditional plea to the indictment and was sentenced to 57 months' imprisonment, the bottom of the U.S. Guidelines sentencing range.

On appeal, appellant challenges the denial of his motion to suppress evidence and his sentence. His Fourth Amendment challenge is based on the contention that the "infinitesimal," Appellant's Br. 8, amount of red liquid observed by the police in the cup was insufficient to establish probable cause to arrest him for violating D.C. Code § 25-1001(a)(2) and therefore to search the car. The district court, however, credited police testimony about the strong odor of alcohol coming from the car, the red liquid in the uncovered cup, a puddle on the car floorboard near the driver's seat, and appellant's movements after he was ordered to stop the car; appellant does not challenge these findings. This testimony supported the district court's conclusion that a reasonable police officer could infer that appellant had poured the liquid from the cup while driving. Upon arresting appellant with probable cause to believe he was driving in possession of an open container of alcohol, the police had an objectively reasonable basis to search the car for evidence of that offense. Therefore, the district court did not err in denying appellant's motion to suppress evidence.

In challenging his sentence, appellant contends that the district court abused its discretion by "summarily reject[ing]" his request that the sentencing decision take into account the sentencing disparity under the D.C. Voluntary Sentencing Guidelines (2010) resulting from the U.S. Attorney's "arbitrar[y]" election to prosecute him in federal court. Appellant's Br. 7. The district court, however, acknowledged its discretion under the advisory federal sentencing guideline regime after *United States v. Booker*, 543 U.S. 220 (2005), to begin its analysis with the U.S. Guidelines and end with the D.C. Guidelines. Upon finding no abuse or unfairness by the U.S. Attorney in prosecuting appellant under federal rather than D.C. law, the district court addressed the relevant statutory factors in 18 U.S.C. § 3553(a) and determined that a significant period of incarceration was necessary, although not as long as the government recommended nor as short as appellant urged on the basis of the D.C. Guidelines. Given the district court's consideration of the statutory factors and of appellant's arguments in aid of sentencing, and the district court's reasoned explanation of its sentencing determination, there was neither procedural error nor substantive abuse of discretion by the district court. Accordingly, we affirm the judgment of conviction.

**I.**

Around 3 a.m. on May 7, 2010, Metropolitan Police Officers Derek Gawrilow and Benjamin Finck saw a car moving on the road without having its lights on. They ordered appellant, who was driving, to pull over. Appellant continued to drive about a block before stopping; during that time the officers observed his shoulders moving. Upon approaching the driver's window to request information, Officer Gawrilow noticed a "fairly strong" smell of alcohol coming from the car. Tr. Mot. Hr'g, Oct. 6, 2010, at 13. Both officers saw a clear plastic cup

in a backseat cup holder and a puddle of liquid on the floorboard near the driver's seat. Officer Gawrilow testified that he asked appellant to hand him the cup, and that upon examining it he saw "a small amount of red liquid," which "smelled consistent with the odor of [an] alcoholic beverage." *Id.* at 14; *see id.* at 58. The officers arrested appellant for possession of an open container of alcohol in a vehicle in violation of D.C. Code § 25-1001(a)(2), and then searched the car for "additional items of evidence" related to that charge, Tr. Mot. Hr'g at 23. Officer Finck found a Glock .40 caliber handgun under the driver's seat; it was loaded with 14 rounds of ammunition. The officers did not issue appellant a citation for driving without having his car lights on in violation of D.C. Mun. Regs. Tit. 18 § 703.1.

Appellant, who had previously been convicted of two felonies, was indicted by a federal grand jury on one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). After an evidentiary hearing, the district court denied appellant's motion to suppress the gun and ammunition, rejecting his argument that the officers lacked probable cause to arrest him and therefore lacked grounds to search the car for related evidence. Appellant entered a conditional guilty plea to the indictment pursuant to Federal Rule of Criminal Procedure 11(a)(2). The pre-sentence investigative report calculated the U.S. Guidelines sentencing range at 57 to 71 months' imprisonment, based on a offense level of 24, appellant's early acceptance of responsibility, and his criminal history. The district court sentenced appellant to 57 months' imprisonment and 36 months' supervised release.

## II.

D.C. Code § 25-1001(a)(2) provides that "no person in the District [of Columbia] shall . . . possess in an open container an alcoholic beverage in . . . [a] vehicle in or upon any street, alley,

park, or parking area . . . ." It is a misdemeanor offense, punishable by a maximum fine of $500, or imprisonment for a maximum of ninety days, or both. *Id*. § 25-1001(d). Appellant does not deny that he was driving the car at night without lights in violation of D.C. Mun. Regs. Tit. 18 § 703.1, or that the officers' stop of the car was lawful, *see Whren v. United States*, 517 U.S. 806, 810 (1996). Instead he contends that the police lacked probable cause to arrest him for violating D.C. Code § 25-1001(a)(2) because there was an insufficient amount of liquid in the cup.

Probable cause to arrest exists where a police officer has information "sufficient to warrant a prudent [individual] in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *see Illinois v. Gates*, 462 U.S. 213, 230–31 (1983). This court reviews the determination of probable cause *de novo*, while reviewing historical facts for clear error and giving due weight to inferences drawn by the district court and the police. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996).

The fact that the cup contained only a small (or "infinitesimal," Appellant's Br. 8) amount of red liquid at the time of the officers' observations does not, as appellant suggests, demonstrate a lack of probable cause to believe he was violating the prohibition against possessing an open container of alcohol in a vehicle on the road. Appellant was the only person in the car at the time the officers noticed he was driving without having his car lights on. He does not challenge either the characterization of the cup as an open container, *see* D.C. Code § 25-101(35), or the district court's findings that the police identified the odor of alcohol coming from the car, the cup, and the puddle behind the driver's seat, and saw appellant's shoulders moving while driving the car an additional block. This evidence supports the district court's conclusion that a

reasonable officer could infer that appellant had poured alcohol out of the cup and onto the car floorboard before obeying the police signal to pull over and stop the car.  *See Derosiers v. Dist. of Columbia*, 19 A.3d 796, 799–801 (D.C. 2011).

Because the officers had probable cause to arrest appellant for driving with an open container of alcohol in violation of D.C. Code § 25-1001(a)(2), upon arresting him they could search the car for evidence related to the arrest, *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 1719 (2009).  It was objectively reasonable, given the "small amount" of red liquid in the cup and the puddle on the car floorboard that the officers testified smelled of alcohol, for the officers to believe they might find another container of alcohol in the car — *i.e.*, the source of the liquid in the cup and the puddle.  *See id.*; *United States v. Vinton*, 594 F.3d 14, 25 (D.C. Cir. 2010).  Appellant thus fails to show that the search, which led to the discovery of the loaded gun under the car driver's seat, violated the Fourth Amendment.

## III.

In challenging his sentence, appellant contends the district court's failure fully to consider the possible unfairness of a 33-month disparity between the minimum sentences authorized by the U.S. and D.C. Guidelines was a "clear and unexplained abuse of [] discretion."  Appellant's Br. 7.  While acknowledging that the U.S. Attorney's charging decision generally is not subject to challenge in this circuit for violation of due process,[1] appellant maintains nothing bars the district

---

[1] In *Mills v. United States*, 925 F.2d 455, 461–62 (D.C. Cir. 1991) (citations omitted), *vacated*, 933 F.2d 1042 (D.C. Cir. 1991), *reinstated in pertinent part*, 964 F.2d 1186, 1188 n.3 (D.C. Cir. 1992) (en banc), this court held that "[t]he prosecutor is of course constitutionally prohibited from basing these decisions on an

court from considering the disparity between the U.S. and D.C. Guidelines under the statutory sentencing factors. He submits, as we understand his argument, that because the prosecution grew out of a minor traffic violation and was punishable under D.C. law, fulfillment of the general principles and goals in 18 U.S.C. § 3553(a)(2) regarding the promotion of respect for the law, just punishment for the offense, and adequate deterrence of criminal conduct by others, should be measured by local sentencing standards rather than those established by the U.S. Sentencing Commission. *See* Appellant's Br. 10. What appellant characterizes as the district court's "blind deference to the prosecutorial decision" is, he suggests, "a clear indication that the trial judge had little interest in weighing appellant's D.C. Code–based arguments against other factors on which she balanced her sentencing decision." Appellant's Br. 11.

In *Booker*, 543 U.S. at 245, 260–62, the Supreme Court held that the U.S. Guidelines were advisory only, and that federal sentences should be reviewed for reasonableness. An abuse of discretion standard cabins our review of appellant's sentence. *See Gall v. United States*, 552 U.S. 38, 41 (2007). This court considers whether there was a "significant procedural error." *Id.* at 51; *see United States v. Olivares*, 473 F.3d 1224, 1226 (D.C. Cir. 2006). Procedural error includes failing properly to calculate the guideline range or to consider § 3553(a) factors, sentencing on the basis of erroneous facts, or failing adequately to explain the chosen sentence, including any deviation from the U.S. Guidelines range. *Gall*, 552 U.S. at 51. Absent a finding of a significant procedural error, the court reviews the substantive reasonableness of the sentence. *Id.*

---

individual defendant's race, sex, religion or previous exercise of a legal right," but where the exercise of prosecutorial discretion is "rational and nondiscriminatory, [] there generally is no basis for finding a violation of due process."

Congress recognized that there could be occasions where a sentencing judge would find that "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration" by the U.S. Sentencing Commission, would justify departure from the sentencing range provided in the U.S. Guidelines. 18 U.S.C. § 3553(b). Arguably, such a circumstance might arise from the unique role of the U.S. Attorney of the District of Columbia as both the federal and local prosecutor, *see* D.C. Code § 23-101(c), where an offense is punishable under federal and D.C. law. Although appellant does not explicitly rely on § 3553(b), his reference to the U.S. Attorney's arbitrariness in bringing a federal prosecution implicitly invokes its provisions. Indeed appellant's counsel observed during oral argument that, despite his long experience as defense counsel in this jurisdiction, it was often unclear to him why a criminal case that begins in the local D.C. courts ends up in the federal courts, and vice versa. Oral Argument at 32:05–40. The district court similarly acknowledged this movement between the local and federal courts. *See* Tr. Sent., Feb. 4, 2011, at 18–19. But this court rejected that argument long ago.

In *United States v. Clark*, 8 F.3d 839 (D.C. Cir. 1993), this court "rejected the claim that the [U.S.] government's 'arbitrary use' of its discretion to indict defendants under either federal or D.C. law could be a mitigating circumstance within the meaning of § 3553(b)." *Id.* at 842 (citation omitted). The court stated that "the 'unique status of the District of Columbia' is not a mitigating factor within the meaning of 18 U.S.C. § 3553," explaining that a circumstance is "mitigating" for purposes of § 3553(b) only if it is "linked to one of the stated purposes of sentencing," *id.* (citing 18 U.S.C. § 3553(a)(2)), and further that "mitigating circumstances" do not include "routine exercise[s] of prosecutorial discretion," even "the [U.S.] government's

'arbitrary use' of its discretion to indict defendants under either federal or D.C. law," *id.* The court cited *United States v. Dockery*, 965 F.2d 1112, 1117 (D.C. Cir. 1992), where it had observed that the U.S. Sentencing Commission "almost certainly did not intend that decisions traditionally within the prosecutor's ken, and within reasonable bounds, be counterbalanced by the sentencing court."

In *Clark* the court also rejected the claim that disparities between the U.S. and D.C. Guidelines may warrant a downward departure pursuant to 18 U.S.C. § 3553(a)(6).[2] It reasoned that, "[b]y conforming the sentences of federal defendants in the District of Columbia to those imposed by the [local D.C.] Superior Court, the [federal] district court would pull federal defendants in the District of Columbia out of the nationwide net of the [U.S.] Sentencing Guidelines," thereby "increas[ing] sentencing disparity between federal defendants and contraven[ing] the Guidelines' goal of achieving sentencing uniformity in federal courts across the country." *Id.* at 843. Although *Clark* was decided before *Booker*, it controls the interpretation of 18 U.S.C. § 3553(a)(6) and (b) in this circuit and thus our review of appellant's sentencing challenge.[3] That

---

[2] Section 3553(a)(6) requires the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

[3] Even after the Supreme Court held in *Booker*, 543 U.S. at 245, that the U.S. Guidelines were advisory only, other circuits have held that § 3553(a)(6) applies only to disparities among sentences for federal defendants, and that the district court does not abuse its discretion in not considering a potential disparity between federal and state sentences for the same offense. *See, e.g., United States v. Deegan*, 605 F.3d 625, 635 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 2094 (2011); *United States v. Johnson*, 505 F.3d 120, 123–24 (2d Cir. 2007) (citing cases from the Fourth, Seventh, and Tenth Circuits).

is, although post-*Booker* nothing necessarily precludes consideration of the D.C. Guidelines in the district court's exercise of discretion in determining a particular sentence, *Clark* precludes treatment of the U.S. Attorney's lawful exercise of discretion in bringing a federal prosecution as a mitigating circumstance under § 3553(b), and treatment of sentencing disparities between the U.S. and D.C. Guidelines as sufficient to support a departure under § 3553(a)(6).

Appellant did not, however, rely solely on the disparity factor addressed in § 3553(a)(6), but also called the district court's attention to "[t]he nature and circumstances of the offense and the history and characteristics of the defendant" addressed in § 3553(a)(1). Def. Mem. Aid Sent., Jan. 31, 2011, at 2. Defense counsel emphasized that appellant's two felony convictions occurred when he was a teenager and his latest conviction, for a misdemeanor, occurred in 2007. *Id.* at 4. Among other things, counsel noted appellant's recent completion of a "lengthy non-residential program to address his issues involving substance abuse," and his recent efforts to "organize his personal lifestyle . . . along constructive lines." *Id.* The government, in turn, emphasized the likelihood of harm resulting from appellant's driving a car with an open container of alcohol and a gun within easy reach, as well as appellant's criminal history; it urged the district court to impose a sentence of 64 months, in the middle of the U.S. Guidelines range.

The district court, in considering the nature and circumstances of the offense, *see* § 3553(a)(1), found that appellant, as a felon in possession of a gun and alcohol while driving in the middle of the night, had committed a serious offense. In considering the necessary sentence, *see* § 3553(a)(2), the district court found that appellant's criminal history showed "almost constant criminal conduct," Tr. Sent. at 21, including seven convictions as an adult, two of which were

felonies, but little incarceration time. Although crediting appellant, who was 28 years old, for finishing a drug treatment program and endeavoring to turn his life around, the district court took a more skeptical view of his success than defense counsel, noting appellant's failure to abide by conditions of his release on high intensity supervision and his appearance in court the previous day while under the influence of alcohol. Considering the need to deter future criminal conduct, promote respect for the law, protect the public, and provide appellant with drug treatment (and perhaps anger management), *see* § 3553(a)(2), the district court concluded that a sentence within the U.S. Guidelines range was necessary, and sentenced appellant to the bottom of that range.

In so proceeding, the district court did not err in failing to give greater weight to appellant's D.C. Code–based arguments. The sentencing record indicates that the district court did not "blindly defer" to the U.S. Attorney's decision to prosecute appellant in federal court, but rather discerned no indication of abuse or "material[] unfair[ness]" in that decision, Tr. Sent. at 19. On appeal, appellant offers nothing that would undermine that finding, much less show it was clearly erroneous. Further, the district court acknowledged its broad discretion in sentencing, including ending with consideration of the D.C. Guidelines. Defense counsel's memorandum in aid of sentencing set forth appellant's disparity argument and counsel's view of how the district court should evaluate appellant's criminal history and recent conduct. The district court's explanation of the sentence to be imposed followed from its consideration of the relevant statutory factors in view of appellant's arguments. Although the district court must "'make an individualized assessment based on the facts presented,'" *In re Sealed Case*, 527 F.3d 188, 191 (D.C. Cir. 2008) (quoting *Gall*, 552 U.S. at 50), "the procedural requirement that the district court 'consider' a particular § 3553(a) factor does not

depend on how heavily the court weighs that factor," *United States v. Gardellini*, 545 F.3d 1089, 1094 n.6 (D.C. Cir. 2008) (citing *Gall*, 552 U.S. at 52–55). So too, the district court's assessment of considerations urged by a defendant in applying the statutory factors need not be lengthy to demonstrate they were not ignored. *See Rita v. United States*, 551 U.S. 338, 358–59 (2007).

Where the district court imposes a sentence within the U.S. Sentencing Guidelines range, this court "may apply a presumption of reasonableness" to the sentence. *Id.* at 347; *see also Gardellini*, 545 F.3d at 1096. In view of the district court's consideration of the appropriate statutory factors and the reasoned explanation of its decision to require a significant period of incarceration, there was no substantive abuse of discretion by the district court in imposing a sentence at the bottom of the U.S. Guidelines range. Accordingly, we affirm the judgment of conviction.