*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0288P (6th Cir.)
File Name: 00a0288p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee,*

　　*v.*

LARRY EUGENE TILFORD,
　　*Defendant-Appellant.*

Nos. 98-5972/6000

>

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 98-20031; 97-20235—Jon Phipps McCalla, District
Judge.

Argued: March 17, 2000

Decided and Filed: August 30, 2000

Before: JONES, BATCHELDER, and CLAY, Circuit
Judges.

———————

**COUNSEL**

**ARGUED:** Robert C. Irby, Memphis, Tennessee, Lawrence
W. Kern, Memphis, Tennessee, for Appellant. Carroll L.
Andre, III, ASSISTANT UNITED STATES ATTORNEY,
Memphis, Tennessee, for Appellee. **ON BRIEF:** Robert C.
Irby, Memphis, Tennessee, Lawrence W. Kern, Memphis,
Tennessee, for Appellant. Carroll L. Andre, III, ASSISTANT

1

UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

————————

**OPINION**

————————

NATHANIEL R. JONES, Circuit Judge.  Defendant Larry Eugene Tilford pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344 and aiding and abetting in the filing of a false claim in violation of 18 U.S.C. §§ 287 and 2. At sentencing, the district court denied Tilford reductions in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 and for playing a mitigating role as either a minimal or minor participant under U.S.S.G. § 3B1.2. Tilford now appeals, arguing that the court should have granted the reductions. We **AFFIRM** the district court's judgment on the mitigating role claim but **REVERSE** the district court's judgment on the acceptance of responsibility claim. Accordingly, we **VACATE** Tilford's sentence and **REMAND** the case for resentencing.

**I.**

Larry Tilford was an accountant who prepared tax returns. On August 20, 1993, the Criminal Investigation Division of the Internal Revenue Service (IRS) contacted and interviewed Tilford about his suspected involvement in the filing of false tax claims.  During the interview, Tilford was asked to cooperate with the investigation.  Tilford initially agreed but changed his mind after consulting with his attorney during a break in the interview.  Over the next three years, Tilford continued to engage in fraudulent income tax schemes by manufacturing and providing false or altered W-2 earnings statements, by claiming false dependents, filing statuses, and earned income credits, and by creating false Schedule C forms showing losses from fictitious businesses.  In addition, Tilford, along with an associate, would create fictitious W-2 earnings statements by securing the names and social security numbers of low income housing residents and individuals

who were either unemployed or receiving public assistance. The associate would then help the individuals file their tax returns electronically and apply for Rapid Refund Anticipation bank loans. Tilford paid the phony taxpayer and the associate a portion of the proceeds and pocketed the remainder.

During that same three-year period, Tilford was involved in a bank fraud scheme with Eddie Jeter. Tilford prepared approximately twenty fictitious tax returns for Jeter, who presented the tax returns to local banks as verification of income and employment data submitted on fraudulent applications for auto loans. Jeter paid Tilford approximately seventy-five dollars for each return. On November 13, 1997, Tilford, Jeter, and three others were indicted by the grand jury. Tilford was charged with conspiracy to commit bank fraud, fraudulent use of Social Security numbers, and violation of the federal money laundering statute as well as substantive counts of bank fraud.

On February 26, 1998, the United States filed a one-count Information against Tilford, charging him with aiding and abetting in the filing of a false claim in violation of 18 U.S.C. §§ 287 and 2. That same day, pursuant to a written agreement, Tilford entered guilty pleas to both the bank fraud charges of the indictment and the false claims charge of the Information.

Tilford's sentencing range was calculated in the Presentence Report at fifty-one to sixty-three months based on a criminal history category of IV and a total offense level of 20, which included a four-level increase for being an organizer or leader of the tax return enterprise. The report did not recommend reductions for acceptance of responsibility or mitigating role, and Tilford objected.

The district court consolidated the cases for sentencing. At the June 30, 1998 sentencing hearing, the court declined to reduce Tilford's offense level for acceptance of responsibility. Citing *United States v. Childers*, 86 F.3d 562 (6th Cir. 1996), the court concluded that a reduction was inappropriate

because even after agents had interviewed him and made him aware that he was being investigated, Tilford "continued to engage in criminal activity, continued to associate with individuals in the conduct of criminal activity, continued to profit in criminal activity and was not deterred in any way by being detected even though he had acknowledged responsibility." J.A. at 148. The court also concluded that Tilford was not entitled to a reduction for being a minimal or minor participant in Jeter's bank fraud enterprise, observing that Tilford's conduct consisted of "many repeated acts over a substantial period of time." J.A. at 144. The court noted that Tilford engaged in "multiple preparation [of] returns which were then supplied to individuals for Mr. Jeter in that enterprise." *Id*. The district court sentenced Tilford to a sixty-month term of imprisonment and five years of supervised release.

## II.

### A.

Generally, we review for clear error a district court's finding that a defendant is not entitled to a sentence reduction for acceptance of responsibility. *See Childers*, 86 F.3d at 562. However, the standard of review is *de novo* where, as here, the only issue presented is the propriety of the application of the reduction to uncontested facts. *See id*.

The Sentencing Guidelines provide for a two-level reduction in a defendant's sentence if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant's sentence may be further reduced by one level if he assists the authorities in the investigation or prosecution of his own misconduct by either "timely providing complete information to the government concerning his own involvement in the offense [] or timely notifying authorities of his intention to enter a guilty plea, thereby enabling the government to avoid having to prepare for trial." U.S.S.G. § 3E1.1(b). The Commentary to § 3E1.1 lists various factors that a district court may consider in determining the appropriateness of the reduction, including

**VACATE** Tilford's sentence and **REMAND** the case for resentencing in accordance with this opinion.

those involved in the conduct of a group," while a "minor participant" is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. We have held that minimal participant status is reserved "primarily for someone who played a single, limited role in a very large organization." *United States v. Williams*, 940 F.2d at 180. Tilford's role was not limited to a single criminal act; rather, he prepared at least ten fictitious returns for Jeter from July 1993 through December 1996. He also was not "plainly among the least culpable" of the group as his fictitious tax returns were required to qualify Jeter's recruits for the auto loans. Tilford therefore clearly is not entitled to a "minimal participant" reduction. It is arguable, however, whether Tilford was substantially less culpable than the average participants in Jeter's scheme and thus entitled to a minor participant reduction. Tilford only prepared fictitious tax returns and was not involved in the planning or execution of the scheme. He also received a relatively small percentage of the profits - seventy-five dollars per tax return compared to an average of $15,000 to $20,000 in loan proceeds. Nevertheless, Jeter could not have executed his scheme without Tilford's fraudulent tax returns, which provided the phony verification of income and employment necessary to secure the loans. Because there are two permissible views of Tilford's role, the district court's finding that Tilford was not a minor participant is not clearly erroneous and must be upheld. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

## III.

For the foregoing reasons we **AFFIRM** the district court's decision denying Tilford a reduction in his offense level for playing a mitigating role as a minimal or minor participant under U.S.S.G. § 3B1.2. Because, however, the district court erred in denying Tilford a reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1, we

"voluntary termination or withdrawal from criminal conduct or associations" and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1, app. note 1(b), (h). A defendant is not entitled to this reduction as a matter of right; however, he might not receive the reduction if his outward manifestation of acceptance of responsibility is outweighed by other inconsistent conduct . *See* U.S.S.G § 3E1.1, app. note 3.

Tilford argues that the district court erroneously considered his criminal conduct before the time of his acceptance of responsibility, which he maintains did not occur until after the indictment and Information and is evidenced by his guilty pleas. The government counters that it was proper for the district court to deny acceptance of responsibility because Tilford had the opportunity to terminate his criminal conduct once he learned he was under investigation yet chose not to do so. Both parties cite *Childers* in support of their arguments.

In *Childers*, the defendant confessed some two years before he was indicted for stealing mail and cashing stolen checks. *See* 86 F.3d at 563. During the intervening two years, he was arrested and convicted several times in state court for passing bad checks and attempting to negotiate stolen and forged checks. *See id*. We held that the district court could properly consider Childers' criminal offenses committed after his confession but before his arrest because his actions indicated that he "did not voluntarily terminate or withdraw from criminal conduct after, in 1992, he truthfully admitted to the postal inspectors the conduct constituting the offense of conviction." *Id*. We noted:

> It is well-established that the "voluntary termination or withdrawal" factor means that criminal conduct that continues following an acceptance of responsibility, especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance, make a downward adjustment inappropriate.

*Id*. at 563-64.

Unlike Childers, Tilford did not accept responsibility when the IRS agents first interviewed him in 1993. Tilford's subsequent criminal activity therefore cannot qualify as "criminal conduct that continues following an acceptance of responsibility" for purposes of evaluating the "voluntary termination or withdrawal" factor. We upheld this principle in Jeter's appeal of his sentence. *See United States v. Jeter*, 191 F.3d 637, 641 (6th Cir. 1999). Jeter challenged the district court's refusal to award him a reduction for acceptance of responsibility because Jeter, after being arrested and indicted on state charges for fraudulent loan transactions, engaged in similar conduct on at least three later occasions. Jeter argued that his case was distinguishable from *Childers* because he did not continue to engage in criminal conduct once he pled guilty to the federal charges. We agreed, holding that the district court may not use a defendant's preindictment state crimes as a basis for denying him a reduction for acceptance of responsibility on federal charges. *See id*. at 639-40. We further held that the defendant must be on notice that the federal government has an interest in his or her affairs before the acceptance-of-responsibility guideline comes into play. See *id*. at 639.

In *Jeter*, we declined to adopt a bright-line rule for determining the relevant time period for acceptance of responsibility, but did state that district courts do not have "unbridled discretion" when making the determination. *See id* at 640. Rather, we now "require that there be some conduct that the court can find is inconsistent with that *specific* acceptance of responsibility referred to in the Commentary, namely the acceptance of the guilty plea." *Id*. at 641 (emphasis added). Otherwise, "to extend the denial of acceptance of responsibility reduction to similar criminal conduct before the defendant has been arrested on federal charges is to penalize the defendant for a criminal disposition, not because he has not accepted responsibility to the federally charged conduct." *Id*.

Unlike Jeter, Tilford was on notice that the federal government had an interest in his affairs because IRS agents interviewed him in 1993 and told him they were investigating his tax return filings. Tilford did not, however, accept responsibility at that time. Tilford actually refused responsibility after momentarily agreeing to cooperate with the investigation. Federal authorities, however, did not arrest or charge Tilford with any crime at that time. Based on the reasoning in *Jeter*, it is the period following the entry of Tilford's guilty pleas, not the period following the 1993 IRS interview, that is relevant for purposes of evaluating Tilford's acceptance of responsibility. The record indicates that when Tilford was indicted and served with the Information, he accepted responsibility by pleading guilty and assisting authorities in preparing a list of tax returns he fraudulently prepared. Tilford did not engage in any subsequent criminal or otherwise inconsistent conduct following his guilty pleas. The district court therefore erred in denying Tilford a reduction in his offense level for acceptance of responsibility.

## B.

Tilford next challenges the district court's finding that he was not a minimal or minor participant in Jeter's bank fraud scheme. We review the district court's determination of a defendant's role in criminal activity for clear error. *See United States v. Williams*, 940 F.2d 176, 180 (6th Cir. 1991)(citing 18 U.S.C. § 3742(e)). A finding is clearly erroneous "only when, although there may be some evidence to support the finding, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Johnson v. Jones*, 149 F.3d 494, 499 (6th Cir. 1998)(quoting *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1165 (6th Cir. 1996)).

Under the Sentencing Guidelines, the court can grant an offense-level reduction to a defendant who played a mitigating role in the criminal enterprise as either a minor or minimal participant. *See* U.S.S.G. § 3B1.2(a-b). A minimal participant is one who is "plainly among the least culpable of