## UNITED STATES of America, Plaintiff–Appellee,

v.

## Willie ARMOUR, Jr., Defendant–Appellant.

No. 00–6751.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

### ORDER

Willie Armour, Jr., pleaded guilty to conspiring to possess cocaine base for intended distribution and to aiding and abetting the possession of cocaine base for intended distribution. *See* 18 U.S.C. § 2, 21 U.S.C. §§ 846 *and* 841(a)(1). On December 13, 2000, he was sentenced to a total of eighty-seven months of imprisonment and five years of supervised release (entered 12/18/00). It is from this judgment that Armour now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. *See* Fed. R.App. P. 34(a).

Armour does not dispute the validity of his convictions or guilty plea. Instead, he

argues that his offense level should have been reduced by two levels under USSG § 3B1.2(b), because he was only a minor participant in the offense. We review the district court's refusal to grant a reduction under § 3B1.2 for clear error. *See United States v. Latouf,* 132 F.3d 320, 332 (6th Cir.1997). To justify a finding of clear error, we must have a definite and firm conviction that a mistake has been made. *United States v. Tilford,* 224 F.3d 865, 868 (6th Cir.2000).

Armour had the burden of showing that he was entitled to a § 3B1.2 reduction by a preponderance of the evidence. *See Latouf,* 132 F.3d at 332. To obtain this reduction, he must show that he was "substantially less culpable than the average participant" in the offense. USSG § 3B1.2, comment. (backg'd) (2000). "A defendant whose participation is indispensable to the carrying out of the plan is not entitled to a role reduction." *Latouf,* 132 F.3d at 332.

Armour now argues that he should have been considered a minor participant because he was an "under link" in the conspiracy who could not do anything without the authorization of his codefendant, Derrick Mitchell, and because he received a smaller share of the proceeds than the initial supplier of the drugs. Armour also argues that he was no more involved in the conspiracy than codefendant Juanita Turner, who was found to be a minor participant.

These arguments are unavailing in light of Armour's testimony at sentencing, in which he admits that he was the link between Mitchell and the buyer of the drugs, that he set up the drug transactions that were charged in the indictment, that he arranged the time and place for those transactions, that he delivered the drugs directly to the buyer in the first transaction, and that all three codefendants shared equally in the money. Armour also acknowledged that none of the "deals" would have been able to take place without him and that he "put everybody together." Under these circumstances, we conclude that Armour has not carried his burden of showing that the district court committed clear error by finding that he was not a minor participant in the offense. *See Latouf,* 132 F.3d at 332; *United States v. Owusu,* 199 F.3d 329, 337–38 (6th Cir. 2000).

Accordingly, the district court's judgment is affirmed.