**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Raymond L. HARDY, Defendant–**
**Appellee.**

No. 00–6198.

United States Court of Appeals,
Sixth Circuit.

Jan. 16, 2002.

Before JONES and MOORE, Circuit Judges; and HAYNES,* District Judge.

## OPINION

MOORE, Circuit Judge.

The United States appeals the district court's downward departure in sentencing Raymond L. Hardy based on Hardy's lack of significant involvement in cocaine trafficking. Because a defendant's mitigating role in the relevant conduct is taken into consideration elsewhere in the Sentencing Guidelines, we vacate the sentence imposed and remand for resentencing.

## I. BACKGROUND

On March 23, 2000, Hardy pleaded guilty, pursuant to a plea agreement, to one count of possession of marijuana with intent to distribute. Under the terms of the plea agreement, the base offense level for Hardy's sentence would include both the five pounds of marijuana at issue in the count to which Hardy pleaded guilty and approximately two kilograms of cocaine that Hardy delivered to a cooperating witness on November 1, 1999.

The record discloses, however, that Hardy's role in cocaine trafficking was quite limited. Hardy, an unemployed alcoholic, lived at the same address as his brother, Jon R. Hardy (hereinafter "Jon"). In the fall of 1999, law enforcement agents started an investigation into drug trafficking by Jon. In connection with this investigation, a cooperating witness called the Hardy residence on November 1, 1999, to inquire about approximately two kilograms of cocaine that she had previously sold to Jon and which she claimed to want to repurchase from him. Hardy answered the phone and informed the cooperating wit-

ness that Jon was not at home. The cooperating witness asked Hardy whether Jon had mentioned that she would be "picking up something." Joint Appendix ("J.A.") at 62. Hardy answered that Jon had not left anything for her to pick up and that Jon was on his way out of town. Hardy then volunteered to try to contact Jon by telephone but was unable to contact him regarding the cocaine. In a subsequent (taped) phone conversation, Hardy told the cooperating witness that he would deliver the cocaine to her if she came to the house. Later that day, Hardy handed the cocaine over to another cooperating witness; the government captured the delivery on videotape.

The record does not indicate that Hardy, as opposed to his brother, Jon, had anything more to do with the cocaine trafficking included in the relevant conduct for sentencing purposes. Similarly, the only connection between Hardy and the marijuana in the count to which he pleaded guilty was that he was holding the bag, literally, when law enforcement agents served a search warrant on the Hardy residence after a cooperating witness had delivered the drugs.

On August 9, 2000, the district court presided over a sentencing hearing for Hardy. The Presentence Report ("PSR") assigned Hardy a base offense level of twenty-eight, based on the weight of the cocaine and marijuana included in the relevant conduct, but adjusted downward three levels for Hardy's acceptance of responsibility for an offense level of twenty-five. Given Hardy's criminal history category of III, the PSR calculated a guidelines range of seventy to eighty-seven months. Because this range was greater

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

than the statutory maximum sentence, the PSR recommended a sentence of sixty months, the statutory maximum.[1] At the sentencing hearing, the district court further reduced Hardy's offense level by two levels based on his minor role in the offense, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.2(b) (1998). The district court specifically determined that Hardy's role in the cocaine trafficking was not minimal, as opposed to minor, and thus that he was not eligible for a four-level adjustment pursuant to U.S.S.G. § 3B1.2(a):

> It does appear that it is more than minimal because, if I understand it, he was there to accept delivery, was aware of what it was, actively sought or actively took part in efforts to conceal or disguise, and I believe that would be a minor role and I would award a two level reduction for a minor role.

J.A. at 117. The government objected to Hardy's request for a four-level adjustment but took no position on the two-level adjustment for his minor role in the cocaine trafficking.

After this two-level adjustment, Hardy's guideline range was fifty-seven to seventy-one months. The district court concluded, however, that this sentencing range was excessive given Hardy's "lack of any significant involvement in cocaine trafficking." J.A. at 118. Concluding that Hardy's "almost singular participation" in the cocaine delivery to the government's cooperating witness took the case out of the heartland of guidelines cases, J.A. at 118, the district court decided to depart downward, sentencing Hardy to thirty-eight months' imprisonment. The court departed downward for this reason even though, as the court acknowledged, it had not been willing to grant a four-level downward adjustment for Hardy's minimal role in the relevant conduct under U.S.S.G. § 3B1.2(a). The government's appeal followed.

## II. ANALYSIS

We review a district court's decision to depart downward from the guideline range for abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). However, "whether a factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point." *Id.* at 100, 116 S.Ct. 2035.

Congress has provided that a district court may depart from the applicable Guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence

---

1. In a supplemental citation pursuant to Fed. R.App. P. 28(j), Hardy cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Strayhorn*, 250 F.3d 462 (6th Cir.2001), in an attempt to argue that his guideline range was "distort[ed]" because of the inclusion of the cocaine in the relevant conduct for sentencing purposes. Under certain circumstances, Hardy's plea agreement, which provided for the cocaine's inclusion in the relevant conduct, may have increased his sentencing range beyond the statutory maximum sentence for the count of conviction, 60 months. *See* 21 U.S.C. § 841(b)(1)(D). For example, if the district court had sentenced Hardy within the guidelines range calculated in the PSR, 70 to 87 months, based on the cocaine at issue in count three as well as the marijuana at issue in count four, the count of conviction, then *Apprendi* and its progeny would be implicated. The actual sentence imposed, however, 38 months, was well within the 60–month statutory maximum, and thus *Apprendi* is not implicated.

different from that described." 18 U.S.C. § 3553(b). The basis for the district court's downward departure in this case, however, appears to have been adequately taken into consideration by the Sentencing Guidelines, which permit the sentencing court to reduce a defendant's offense level by up to four levels to account for any mitigating role in the relevant conduct. *See* U.S.S.G. § 3B1.2. The district court considered the applicability of § 3B1.2, at least with respect to the cocaine trafficking, and concluded that, although Hardy's role in the cocaine trafficking included in his relevant conduct was minor and thus warranted a reduction of two levels, it was not "minimal" in the sense required by the Sentencing Guidelines to support a four-level adjustment.

The district court concluded both that this case lies outside the "heartland" of cases contemplated by the Sentencing Guidelines and that the facts of Hardy's involvement warranted a two-level, but not a three- or four-level, adjustment for his mitigating role in the relevant conduct. The only explanation for this paradoxical result is that the district court treated the relevant conduct relating to the cocaine delivery as distinct from the relevant conduct relating to marijuana trafficking (the count of conviction) for purposes of granting the downward departure. The Sentencing Guidelines state, however, that such a conceptual separation of relevant conduct is not appropriate, at least when the sentencing court is considering adjustments for a defendant's mitigating role: "[t]he determination of a defendant's role in the offense is to be made on the basis of *all conduct within the scope of § 1B1.3 (Relevant Conduct)*, ... and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. chap. 3B introductory commentary (emphasis added). Thus, in rejecting the four-level adjustment, the district court noted that

while "Hardy [wa]s not involved in cocaine trafficking [beyond the one delivery to the cooperating witness], he was involved in drug trafficking." J.A. at 119.

Despite recognizing that Hardy's participation in drug trafficking was more than minimal, the district court held that this case fell outside of the heartland because of Hardy's "almost singular participation" in cocaine trafficking. J.A. at 118. We conclude that, looking at all of Hardy's relevant conduct, this case does not fall outside of the heartland of drug trafficking cases. In reaching this conclusion, we rely on the district court's determination that Hardy's limited involvement in his brother's drug trafficking warranted only a two-level adjustment.

The Sentencing Guidelines clearly provide for situations such as this. The commentary to U.S.S.G. § 3B1.2 indicates that the four-level adjustment for minimal participation would apply, for example, to "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2 commentary, applic. note 2. The commentary describes "a minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* applic. note 3.

■ Hardy's conduct can be placed within the possible range of cases covered by these notes. That Hardy was involved in more than a single shipment or transaction – his relevant conduct included two discrete instances of drug distribution, one for marijuana and one for cocaine – weighs against awarding him the four-level adjustment for playing only a "minimal" role in his brother's drug trafficking. As we have

previously held, "minimal participant status is reserved 'primarily for someone who played a single, limited role in a very large organization.'" *United States v. Tilford,* 224 F.3d 865, 869 (6th Cir.2000) (quoting *United States v. Williams,* 940 F.2d 176, 180 (6th Cir.1991)). Moreover, Hardy's role in the delivery of cocaine by the government's cooperating witness was not minimal, as the district court correctly concluded – instead, Hardy "was there to accept delivery, was aware of what it was, actively sought or actively took part in efforts to conceal or disguise" the delivery. J.A. at 117. With respect to that delivery, then, Hardy's role was vitally important and not "minimal" in any sense. *See United States v. Saucedo,* 226 F.3d 782, 788 (6th Cir.2000) (holding that drug courier "knowingly contributed a vital service ... with respect to the four kilograms of cocaine which he transported" and thus that courier's participation was not minimal); *United States v. Roberts,* 223 F.3d 377, 381 (6th Cir.2000) ("[A] district court should assess a defendant's role ... in relation to the relevant conduct that was attributed to the defendant for purposes of calculating his base offense level...."); *United States v. Ross,* 190 F.3d 446, 454 (6th Cir.1999) ("[T]he question is whether [the defendant] was a minimal participant in the ... activities upon which the sentencing calculations were based.").

■ Thus, the district court correctly determined that Hardy's participation in the relevant conduct was more than minimal and that he was not entitled to a four-level adjustment based on his mitigating role in the drug trafficking in question. Given this conclusion, however, the district court's other conclusion, i.e., that this case falls outside of the heartland of cases contemplated by the Sentencing Guidelines, was an abuse of discretion. Because the Sentencing Guidelines account for the fact

pattern in which an individual plays a small, even insignificant, part in drug trafficking, we hold that the district court erred in concluding that Hardy's insignificant role in cocaine trafficking was a permissible basis for a downward departure in the present case.

## III.  CONCLUSION

For the foregoing reasons, we VACATE Hardy's sentence of thirty-eight months and REMAND for resentencing consistent with this opinion.