**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth A. WHITE, Defendant–
Appellant.**

**No. 01–3347.**

United States Court of Appeals,
Sixth Circuit.

June 6, 2002.

Before KRUPANSKY and COLE, Circuit Judges; and DUGGAN, District Judge.*

## ORDER

Kenneth A. White appeals the sentence of imprisonment imposed upon his plea of guilty to four counts of bank fraud in violation of 18 U.S.C. §§ 1344 and 2. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White pleaded guilty to four bank fraud offenses for presenting materially false personal and financial information in order to secure financing. At sentencing, the district court denied White credit for acceptance of responsibility, the court determined the sentencing guideline loss to be $140,053, and the court computed White's total offense level to be fifteen and his criminal history category as VI—resulting in a guideline range of forty-one to fifty-one months of imprisonment. The district court sentenced White to fifty months of imprisonment to be followed by five years of supervised release. The district court also ordered White to pay restitution.

In his timely appeal, White contends that: 1) the district court erred by not granting him a downward departure for acceptance of responsibility; 2) the district court erred in determining the intended loss; and 3) the district court erred by determining that no downward departure was appropriate on the basis that the loss or intended loss significantly overstated the seriousness of the conduct.

This court ordinarily reviews a court's conclusion that a defendant is not entitled to a sentence reduction for acceptance of responsibility for clear error. *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). But where the only issue presented is the propriety of the application of the adjustment to uncontested facts, a question of law, this court reviews de novo the trial court's decision. *United States v. Childers*, 86 F.3d 562, 563 (6th Cir.1996).

Section 3E1.1 of the Sentencing Guidelines provides a two-level reduction for clear acceptance of responsibility for criminal conduct by a preponderance of the evidence. *United States v. Thomas*, 74 F.3d 701, 716 (6th Cir.1996); *United States v. Williams*, 940 F.2d 176, 181 (6th Cir. 1991). A defendant bears the burden of demonstrating that he is entitled to a reduction of his base offense level for acceptance of responsibility under USSG § 3E1.1. *United States v. Walker*, 182 F.3d 485, 487 (6th Cir.1999) (citing *United States v. Mahaffey*, 53 F.3d 128, 134 (6th Cir.1995)). In most cases, acceptance of responsibility is indicated by entering a plea of guilty. *See, e.g., Tilford*, 224 F.3d at 867. However, a defendant who pleads guilty is not entitled to a reduction as a matter of right, *Mahaffey*, 53 F.3d at 134, and a defendant is not entitled to a reduction of his base offense level when his postplea efforts attempt to portray his involvement in the crime as minimal. *See United States v. Surratt*, 87 F.3d 814, 821 (6th Cir.1996).

■ The district court's decision to deny White a reduction will not be disturbed on appeal because White's post-plea efforts

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

attempted to portray his involvement in the crimes as minimal. In statements to the probation officer, White denied any involvement or guilt and added that he pleaded guilty only to favorably resolve the case against his co-defendant and girlfriend, Lisa Barnett.

Furthermore, White expressed no remorse for his conduct. He even told the probation officer that he was only going to be sentenced to twelve months which "ain't nothin". Thus, White did not exhibit the sort of contrition warranting a reduction. *See United States v. Van Shutters,* 163 F.3d 331, 340–41 (6th Cir.1998); *United States v. Reed,* 951 F.2d 97, 100 (6th Cir. 1991). Other circuits have required a similar showing of remorse and contrition that indicates more than mere formalistic assertions of acceptance of responsibility. *See United States v. Gallant,* 136 F.3d 1246, 1248 (9th Cir.1998) (implicit in acceptance of responsibility is requirement that defendant demonstrate remorse or recognize moral wrongdoing); *United States v. Jones,* 52 F.3d 697, 701 (7th Cir.1995) (sentencing judge may look for "genuine remorse" or acceptance of personal responsibility in a moral sense). The district court did not commit plain error in determining whether White had fully accepted responsibility for his crimes.

■ The district court properly computed the total loss for which White was responsible under the Sentencing Guidelines to be $140,053. White does not challenge the district court's computation of the actual loss represented in the first and third counts of the indictment to which he pleaded guilty (fraudulent financing on a Lexus automobile and GMC Savana van). However, White argues that the district court erred in computing the intended loss represented in counts two and four because no actual losses could be determined (fraudulent financing for a Mercedes automobile and three Mack trucks).

The determination of the amount of loss is a finding of fact that will not be disturbed unless clearly erroneous. *United States v. Guthrie,* 144 F.3d 1006, 1011 (6th Cir.1998); *United States v. Robinson,* 898 F.2d 1111, 1116 (6th Cir.1990). However, the question of whether the amount of loss should be determined on the basis of the actual or intended loss is a question of law and is subject to de novo review. *United States v. Brown,* 151 F.3d 476, 489 (6th Cir.1998); *United States v. Burns,* 894 F.2d 334, 335 (9th Cir.1990).

The Guidelines provide that "[i]f the retail value of the motor vehicles or parts involved exceeded $2,000, increase the offense level by the corresponding number of levels from the table in § 2F1.1. (Fraud and Deceit)." USSG § 2B6.1(b)(1). The Application Notes state that "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." USSG § 2F1.1, comment. (n.8). Three factors must be present for an amount of loss to be relevant under § 2F1.1. First, as application note 7 instructs, the defendant must have intended the loss. Second, it must have been possible for the defendant to cause the loss. Third, the defendant must have completed or been about to complete but for interruption, all of the acts necessary to bring about the loss. *United States v. Watkins,* 994 F.2d 1192, 1196 (6th Cir.1993)

White intended the loss. While White was an unemployed federal prisoner with virtually no assets, he successfully obtained, and attempted to obtain, loans totaling more that $400,000 for two luxury automobiles, a new van, and three Mack trucks. At the same time, White owed $129,000 restitution for a prior federal case and a child support arrearage of approxi-

mately $13,000. Thus, White had no realistic ability to repay the fraudulently obtained loans and a substantial loss would have resulted. It was possible for White to cause the loss as evinced by the actual losses accruing under counts one and three of the indictment. Finally, White completed all of the acts necessary to bring about the loss. With respect to the loan for the three Mack trucks referenced in count four of the indictment, White had completed all of the steps necessary to obtain the loan, and the bank had preliminarily committed to finance his purchase of the trucks. Clearly, White intended for the loans to be made, that is, the loss; just as clearly, the loss was possible, and would in fact have occurred but for a bank employee's intervention; and just as clearly, White did all he needed to do to bring about the loss. Therefore, White was correctly held responsible for a total loss of $140,053.

■ White's third appellate argument is not cognizable. White contends that he was entitled to a downward departure because the loss calculation significantly overstated the seriousness of his conduct. A district court's refusal to grant a discretionary downward departure is not appealable unless the district court erroneously believed it lacked authority to grant such a departure as a matter of law. *United States v. Cook*, 238 F.3d 786, 790–91 (6th Cir.), *cert. denied*, — U.S. —, 122 S.Ct. 175, 151 L.Ed.2d 121 (2001). The record indicates that the district court was aware of its authority to grant a downward departure, and White makes no claim that the district court did not know it had the authority to depart from the applicable sentencing guidelines.

Moreover, a district court judge has no duty to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so.

*United States v. Owusu*, 199 F.3d 329, 349 (6th Cir.2000) (quoting *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995)). Consequently, this court is reluctant to treat as ambiguous a ruling which does not affirmatively state that the judge knew he could depart downward but failed to do so. *Id.* In fact, the court assumes that a district court is exercising its proper discretion when it concludes that a downward departure is unwarranted. *Id.; accord United States v. Prince*, 214 F.3d 740, 766 (6th Cir.), *cert. denied*, 531 U.S. 974, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000).

Accordingly, we hereby affirm the district court's judgment.