**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andre ANDERSON, Defendant–Appellant.**

**No. 02–5095.**

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Andre Anderson appeals his sentence of imprisonment entered upon his plea of guilty to conspiring to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. 34(a).

Law enforcement agents of the West Tennessee Drug Task Force executed a search warrant and an arrest warrant at Anderson's residence. When the task force agents entered the residence, they found Anderson lying on a couch and a semi-automatic pistol beside the couch at arm's reach. The pistol was loaded. Anderson admitted ownership of the pistol. He told a task force agent that he had been robbed of his crack cocaine at gunpoint and that he obtained the pistol to protect himself from being robbed of his cocaine again.

In light of Anderson's possession of the firearm, the district court applied the specific offense characteristic set forth at USSG § 2D1.1(b)(1), enhanced Anderson's sentencing calculation by two points, and sentenced Anderson to 168 months of imprisonment.

On appeal, Anderson contends that the district court erred by applying § 2D1.1(b)(1). Anderson argues that insufficient evidence ties the pistol to the conspiracy to distribute crack cocaine.

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000); *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). Thus, the court reviews for clear error the district court's factual determination that Anderson possessed a weapon during a drug trafficking crime. *See United States v. Peters*, 15 F.3d 540, 546 (6th Cir.1994).

Upon review, we conclude that the district court properly applied USSG § 2D1.1(b)(1). To apply the two-level enhancement under § 2D1.1(b)(1), the government must establish that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense. *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir.1996). Once it is established that a defendant was in possession of a weapon during the commission of an offense, a presumption arises that such possession was connected to the offense. *Id.* The burden then shifts to the defendant to show that it is clearly improbable that the weapon was connected to the offense. If the defendant fails to make such a showing, then enhancement under USSG § 2D1.1(b)(1) is appropriate. *United States v. McGhee*, 882 F.2d 1095, 1097–98 (6th Cir.1989).

The government established that Anderson possessed the weapon during the commission of the conspiracy to distribute crack cocaine. Anderson effectively admitted that he possessed the pistol in connection with the year-long cocaine conspiracy. He told a task force agent that others had taken his crack cocaine at gunpoint during a previous drug deal and that he obtained the pistol to protect himself from being robbed of his cocaine again. The task force agent's testimony is unrefuted. Moreover, Anderson was arrested with the loaded pistol readily accessible to him. Proof of Anderson's possession of the pistol suggests that his acquisition of the weapon was motivated by the gun's

utility in the drug trade. *See McGhee*, 882 F.2d at 1101.

The district court's application of this sentence enhancement was not erroneous inasmuch as it is not clearly improbable that the semi-automatic handgun found in Anderson's possession at the time of his arrest was connected to Anderson's conspiracy to distribute crack cocaine. Anderson offered no evidence to establish that it was clearly improbable that the weapon was connected to the drug offense, and Anderson's argument that insufficient evidence ties the pistol to the conspiracy to distribute crack cocaine is meritless. *See Hill*, 79 F.3d at 1485–86 (rejecting defendant's argument that the enhancement did not apply because the gun, which was found in a room of the house other than that in which the drugs were found, was kept for protection); *see also United States v. Payne*, 805 F.2d 1062, 1065 (D.C.Cir.1986) (recognizing that weapons are as common tools of the trade as drug paraphernalia). Thus, the district court did not clearly err in applying USSG § 2D1.1(b)(1).

Accordingly, the district court's judgment is hereby affirmed.