**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrance Jerome CANNON,**
**Defendant–Appellant.**

**No. 03–1448.**

United States Court of Appeals,
Sixth Circuit.

March 15, 2004.

Michael Hluchaniuk, Asst. U.S. Attorney, U.S. Attorney's Office, Bay City, MI, for Plaintiff–Appellee.

Gary J. Crews, Caro, MI, for Defendant–Appellant.

Before: MERRITT and DAUGHTREY, Circuit Judges; and HOOD, District

Judge.*

## ORDER

Terrance Jerome Cannon, represented by counsel, appeals his judgment of conviction and sentence. The appellee has waived oral argument, and this court construes the appellant's failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Cannon pleaded guilty to distributing five or more grams of cocaine base in violation of 21 U.S.C. § 841. The district court sentenced him to 130 months of imprisonment.

In his timely appeal, Cannon argues that the district court improperly enhanced his offense level under USSG § 2D1.1 for possession of a gun in connection with the instant offense.

Upon review, we conclude that the district court properly enhanced Cannon's offense level under § 2D1.1. We review a district court's application of the United States Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Tilford,* 224 F.3d 865, 867 (6th Cir.2000). Section 2D1.1(b)(1) of the Sentencing Guidelines permits a two-point sentencing enhancement for possession of a firearm during a drug-trafficking crime. Before the sentencing court may impose the enhancement, the government must prove by a preponderance of the evidence that the defendant possessed the firearm during the drug-trafficking offense. *United States v. Saikaly,* 207 F.3d 363, 368 (6th Cir.2000). The burden then shifts to the defendant to show that it was clearly im-

probable that the weapon was connected to the offense. *Id.* Courts can look to several factors when resolving a question of this kind, including: 1) the proximity of the weapon to the illegal activity; 2) the type of firearm; 3) whether the gun was loaded; and 4) the alternate explanation for the possession of the weapon. *United States v. Moses,* 289 F.3d 847, 850–51 (6th Cir. 2002).

Cannon did not meet his burden to show that it was clearly improbable that the weapon was connected to the instant offense. During the sentencing hearing, Cannon conceded that he possessed the weapon. In an effort to determine whether it was clearly improbable that the weapon was connected to the instant offense, the court considered the "proximity" factor to be neutral because the gun was not found in the same room where the drugs were stored. The district court also noted that the weapon was unloaded, and it concluded that this factor weighed in Cannon's favor. However, these factors do not mean that the district court erred when it enhanced Cannon's offense level. The court also considered the "type" of weapon that Cannon possessed to be an aggravating factor because the weapon was an assault style weapon, equipped with a pistol grip, a large capacity magazine, and a short barrel. The court concluded that the weapon was the type of firearm associated with criminal activity. Cannon's failure to provide an explanation for the gun's use, besides "engaging in urban combat or defending the stored drugs," was determined to be an aggravating factor. Finally, the court considered that Cannon obtained the firearm from someone involved in his drug related activity, and determined that this was also an

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

aggravating factor. The court stated that the explanation that Cannon had purchased the weapon from a customer does not suggest any clear indication that the gun was not connected with the offense or with narcotics trafficking.

The factors determined by the district court to be "aggravating" have been determined to be sufficient to uphold an enhancement under § 2D1.1. We have upheld a § 2D1.1 enhancement in cases where the drugs and the gun were not even located on the same floor. *See United States v. Hough,* 276 F.3d 884, 895 (6th Cir.2002). Moreover, the fact that the gun was sold did not make it clearly improbable that the firearm was connected with the drug offense. Similarly, in *United States v. Dunlap,* 209 F.3d 472, 474–79 (6th Cir.2000), a § 2D1.1 enhancement was applied where the defendant brought a .22 caliber rifle to sell to an informant. The defendant did not sell drugs to the informant at the time he sold him the rifle, but he did have some drugs in his possession. This court has held that it is proper for a district court to apply a § 2D1.1 enhancement where guns, including a "pistol gripped" shotgun, were found in a bedroom of a house where drugs were sold. *United States v. Keszthelyi,* 308 F.3d 557, 578–79 (6th Cir.2002). Finally, this court has upheld a § 2D1.1 enhancement where a gun was found in the basement rafters of a house where drugs had been stored on prior occasions, even though there was no ammunition in the house for the gun and no drugs were found near the gun. *United States v. Chalkias,* 971 F.2d 1206, 1216–17 (6th Cir. 1992). Based on the factors considered by the court, and the case law cited above, we conclude that the district court properly determined that Cannon did not meet his burden of establishing that it was clearly improbable that the firearm was connected to the offense.

Accordingly, we affirm the district court's judgment.