[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2006
THOMAS K. KAHN
CLERK

No. 05-16476
Non-Argument Calendar
_____

D. C. Docket No. 04-00127-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINA STRIPLING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 25, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Regina Stripling appeals her 78-month sentence which was imposed after she pled guilty to possession of crack cocaine, in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2. On appeal, Stripling argues that the district court erred by

failing to grant an offense-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, because she pled guilty before her scheduled trial, stipulated to the amount of cocaine involved, and her illegal drug use predated her guilty plea.[1] After careful review, we affirm.

We review a district court's factual findings concerning a reduction for acceptance of responsibility for clear error. United States v. Williams, 408 F.3d 745, 756 (11th Cir. 2005). Under the clear error standard, the defendant bears the burden of showing entitlement to the reduction, and the sentencing judge is entitled to great deference on review. Id.

---

[1] In the last paragraph of the analysis in her brief, Stripling also mentions that her 78-month sentence was unreasonable under United States v. Booker, 543 U.S. 220 (2005), because three of her co-defendants received lower sentences. In determining whether a sentence is reasonable, the district court should be guided by the factors in 18 U.S.C. § 3553(a). Id. at 261; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Although a sentence within the advisory Guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 787-788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. Here, Stripling has not met her burden to show that her sentence, which was at the lowest end of the Guidelines range she faced, was unreasonable. The district court specifically stated that it fashioned a sentence that complied with the § 3553(a) factors and acknowledged the advisory nature of the Guidelines. The district court did not need to state on the record its explicit consideration of every § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Stripling's argument concerning her co-defendants' sentences is unpersuasive in light of her admission at the sentencing hearing that the three co-defendants were charged with possession of smaller amounts of drugs. We also note that, according to the presentence investigation report, the co-defendant who was the leader of the criminal scheme was sentenced to 135 months' imprisonment. On this record, Stripling's passing argument that her sentence was unreasonable is insufficient to meet her burden on appeal.

Under U.S.S.G. § 3E1.1(a), the district court may grant a two-level decrease in offense level if the defendant "clearly demonstrates acceptance of responsibility for [her] offense. . . ." U.S.S.G. § 3E1.1(a). In United States v. Hromada, 49 F.3d 685, 691 (11th Cir. 1995), we held that a defendant who tested positive for drug use during pretrial detention but before his guilty plea and then lied about his drug use was not entitled to a reduction for acceptance of responsibility. Because a defendant's continued use of illegal drugs constitutes a continuation of the drug offense for which she was convicted, a district court's denial of a reduction for acceptance of responsibility on this ground is not clearly erroneous. See United States v. Matthews, 168 F.3d 1234, 1250 (11th Cir. 1999). Moreover, in determining whether a defendant has accepted responsibly, the court may consider "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, comment. (n.1(b)).

Here, the district court did not clearly err by finding that Stripling's continued use of drugs while on pretrial release showed that she did not accept responsibility because she had not voluntarily terminated her criminal conduct. We are unpersuaded by Stripling's argument concerning the consideration of pre-plea conduct for purposes of the acceptance-of-responsibility reduction. She primarily relies on United States v. Tilford, 224 F.3d 865, 867 (6th Cir. 2000),

abrogated in part on other grounds, United States v. Webb, 335 F.3d 534, 538 (6th Cir. 2003), which held that the district court erroneously considered a defendant's pre-indictment conduct in refusing to grant a reduction for acceptance of responsibility. Tilford plainly is distinguishable from the instant case, which involves Stripling's misconduct after issuance of the indictment. Moreover, in Hromada, which is the controlling case for purposes of this Court's analysis, we expressly held that misconduct predating a guilty plea can be considered in determining whether to grant a reduction for acceptance of responsibility. Therefore, the district court's refusal to apply a reduction for acceptance of responsibility was not clearly erroneous.

**AFFIRMED.**