

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# USA v. Dowdy

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Dowdy" (2007). *2007 Decisions*. Paper 1655.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1655

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 06-1129

UNITED STATES OF AMERICA

v.

KEVIN DOWDY,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.: 01-cr-00401-2
District Judge: The Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge\**

(Filed:   February 7, 2007)

_____

OPINION

_____

_____

        *The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

On February 10, 2003, a jury found Kevin Dowdy guilty of one count of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine in violation of 21 U.S.C. § 846; three counts of distribution and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); and one count of possession with intent to distribute in excess of 50 grams of crack cocaine in violation of § 841(a)(1). At Dowdy's first sentencing hearing, the government called FBI Agent Kevin Wevodau, who had interviewed people involved in the conspiracy, in order to establish an estimate of the drug quantity attributable to Dowdy. Agent Wevodau testified that after having signed a proffer agreement with the government, Melissa Lynn Martin, a co-defendant, stated that she made at least eight to ten trips with Dowdy to New York to purchase crack cocaine.[1] Agent Wevodau also spoke to Dawn Phillips, Carl Laserre, Michelle Kowalski, Vince McHenry and Rosemary Lewis about trips they made with Dowdy to New York to purchase crack cocaine. From this testimony, the District Court calculated 280 grams from a "handful" of Dowdy's trips with Martin, 480 grams from his six trips with Phillips, 112 grams from his three to five trips with Laserre, and 100 grams from his two trips with Kowalski. Thus, excluding the quantities that

---

[1] Martin pled guilty to one count of distribution and possession with intent to distribute cocaine base. The government's brief states that Martin's proffer agreement provided that "nothing that Martin told the government concerning her own involvement in the offense would be used against her at sentencing." (Appellee Br. 21.) Martin was held accountable only for the approximately 58 grams of crack cocaine seized from the Carbon County residence she shared with Dowdy at the time of her arrest. (*Id*. at 20.) She was sentenced to 36 months of imprisonment.

McHenry and Lewis may have added to this count, the District Court estimated that "even by conservative estimates," the total amount of crack cocaine attributable to Dowdy exceeded 500 grams. The District Court sentenced Dowdy to 324 months of imprisonment. Dowdy appealed.

We affirmed his conviction, but vacated his sentence and remanded for resentencing in accordance with the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Dowdy*, 149 Fed. Appx. 73 (3d Cir. 2005) (unpublished). On remand, the District Court imposed a sentence of 210 months of imprisonment. This timely appeal followed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Dowdy makes two arguments on appeal. Generally, he asserts that his sentence is unreasonable because the District Court failed to give meaningful consideration to the need to avoid widely disparate sentences among his co-defendants and other co-conspirators. Specifically, Dowdy complains that the District Court created an unwarranted disparity between his case and that of his co-defendant Martin, who pled guilty, cooperated with the government, and was held accountable for just 50 to 150 grams of crack cocaine rather than the 500 grams to 1.5 kilograms for which Dowdy was

3

held accountable.[2]  Dowdy also argues that his sentence is grossly disparate when compared to the sentences of his co-conspirators prosecuted in state, but not federal, court.[3]

Dowdy's contention that his sentence is unreasonable because the District Court created an unwarranted disparity between his sentence and that of Martin, a co-defendant who cooperated with the government, lacks merit.  Section 3553(a)(6) provides that the District Court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).  Congress' intent in passing § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among defendants in the same case.  *United States v. Seligsohn*, 981 F.2d 1418, 1428 (3d Cir. 1992) (citing *United States v. Higgins*, 967 F.2d 841, 845 (3d Cir. 1992)).  After *Booker*, we concluded that a defendant cannot rely upon § 3553(a)(6) to argue for a reduced sentence to create parity among his or her co-

---

[2]According to the second addendum to Dowdy's presentence report, Dowdy's base Offense Level was 36 and his total Offense Level was 41, yielding an advisory sentence range of 324 to 405 months.  Dowdy argues that if his involvement in the conspiracy were limited to 50 to 150 grams of crack cocaine, his base Offense Level would be 32, like that of Martin, who was sentenced to only 36 months.  Dowdy also claims that the revised base Offense Level would bring him in line with the District Court's treatment of Gerard Pender, another co-defendant who pled guilty to one count of distribution and possession with intent to distribute in excess of 50 grams of crack cocaine.  Pender received a base Offense Level of 32, like Martin, and was sentenced to 87 months of imprisonment.  We note, however, that the District Court imposed a sentence on Dowdy well below the minimum of his guidelines range.

[3]Dowdy's brief asserts that Kowalski, Laserre, and Phillips, whose statements to Agent Wevodau provided the basis for the presentence report's estimate of drug quantity attributable to Dowdy, were prosecuted by state authorities.  (Appellant Br. 11.)

defendants. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). However, "although § 3553(a) does not require district courts to consider sentencing disparities among co-defendants, it does not prohibit them from doing so." *Id.* Such a consideration is certainly within the court's "broad discretion in imposing a sentence within a statutory range." *Id.* (quoting *Booker*, 543 U.S. at 233). Nevertheless, "§ 3553(a)(6) by its terms plainly applies only where co-defendants are similarly situated." *Id.* at 278 (citing *United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006)). District Courts have distinguished sentences among co-defendants on the basis of cooperation with the government, the size of criminal records, or leadership in the criminal scheme. *See Parker*, 462 F.3d at 278; *United States v. Stripling*, 177 Fed. Appx. 927, 927 n.1 (11th Cir. 2006) (unpublished); *United States v. Duhon*, 440 F.3d 711, 720-21 (5th Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006); *United States v. Vasquez*, 433 F.3d 666, 671 (8th Cir. 2006).

In this case, Dowdy is not "similarly situated" with his co-defendant Martin. The evidence of drug quantity against Martin paled in significance to the evidence against Dowdy (58 grams versus more than 500 grams). Martin's cooperation plea agreement is another significant factor that accounts for the distinction between the two sentences. Further, in the original sentencing hearing, the District Court noted Dowdy's role in "directing" Martin and Kowalski in the purchase and distribution of drugs. It also attributed a gun found by agents in a bed Dowdy shared with Martin to Dowdy's

5

activities.[4]  At Dowdy's resentencing hearing, the District Court took the "advisory" sentencing guidelines into consideration and expressly attempted to achieve "some parity" between Dowdy and his co-defendants.  Thus, we find that the District Court did not err in imposing a higher sentence on Dowdy than Martin because the disparity between his case and Martin's was warranted.

Dowdy's second argument that his sentence is unreasonable because the District Court created a gross disparity in his sentence as compared to his co-conspirators charged in state, but not federal, court is also not persuasive.  Dowdy fails to cite any cases, other than *Booker*, to support his contentions.  Our analysis under § 3553(a)(6) focuses on the need to avoid unwarranted disparities among sentences imposed by federal courts for violations of federal law, not disparities between state and federal defendants.  *See United States v. Branson*, 463 F.3d 1110, 1112-14 (10th Cir. 2006); *United States v. Jeremiah*, 446 F.3d 805, 807-08 (8th Cir. 2006); *United States v. Cropper*, 168 Fed. Appx. 503, 508 n.7 (3d Cir. 2006) (unpublished);[5] *United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006) ("The Federal Sentencing Guidelines did not seek to eliminate the[] sentencing

---

[4]In these two respects, the District Court did not deviate from the firearm and managerial role enhancements recommended by Dowdy's presentence report and addendum.

[5]Only published opinions of this court are considered precedential.  *See United States v. Turley*, 891 F.2d 57, 60 (3d Cir. 1989) (citing Third Circuit I.O.P. Ch. 5 § A.2).  While we are not bound by a not precedential opinion, we are persuaded by the reasoning in *Cropper*.  "*Booker* directs our reasonableness review to the factors set forth under federal law for federal criminal offenses.  That a separate sovereign chooses to implement its criminal sentencing scheme in a different manner does not impact our analysis under § 3553(a)(6) . . . ." *Cropper*, 168 Fed. Appx. at 508 n.7.

disparities that inhere in a scheme of concurrent jurisdiction.").

Further, sentencing disparities resulting from the exercise of prosecutorial discretion in deciding where to prosecute a particular defendant are not, in and of themselves, unreasonable. *See United States v. Searcy*, 132 F.3d 1421, 1422 (11th Cir. 1998) (following other circuits that "have ruled that a prosecutor's choice of federal rather than state jurisdiction is not a permissible circumstance to consider for departing downward"); *United States v. Haynes*, 985 F.2d 65, 69 (2d Cir. 1993); *United States v. Dockery*, 965 F.2d 1112, 1117 (D.C. Cir. 1992). In *Dockery*, the D.C. Circuit observed,

> Although the sentencing guidelines do not address forum choice and plea offers, this is presumably because the Commission recognized both decisions as within the province of prosecutors. The Commission wrote guidelines for an existing system of criminal procedure; it almost certainly did not intend that decisions traditionally within the prosecutor's ken, and within constitutional bounds, be counterbalanced by a sentencing court.

965 F.2d at 1117. Although these decisions predate *Booker*, we do not find that *Booker* invalidates disparate sentences based on a prosecutor's choice of forum, particularly because, as noted above, the "sole concern" of § 3553(a)(6) remains disparities among sentences for federal defendants. *See Clark*, 434 F.3d at 687. Further, the sentencing guidelines also promote a policy of respecting prosecutorial discretion. *See U.S. Sentencing Guidelines Manual* § 6B1.2 cmt. (2006) (stating, in the context of plea agreement standards, that the guidelines "do[] not authorize judges to intrude upon the

7

charging discretion of the prosecutor").[6]

Accordingly, we will affirm the District Court's judgment of sentence.

---

[6]Moreover, in a case which arose from the government's refusal to file a substantial assistance motion pursuant to a defendant's plea agreement, we cautioned against a District Court's interference with the prosecutorial discretion that we believe Congress intended United States Attorneys to exercise. *United States v. Isaac*, 141 F.3d 477, 483-84 (3d Cir. 1998).